(No. 11444.—Motion allowed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. FRANK ZAMMUTO et al. Plaintiffs in Error.

*Announced orally June 7, 1917.*

CRIMINAL LAW—*execution of sentence is suspended by making writ of error a supersedeas.* Where a writ of error in a criminal case is made a *supersedeas* the execution of the sentence is suspended, and it is the duty of the warden of the penitentiary, without any special order, to deliver the prisoner to the sheriff of the proper county, to be held in the latter's custody until the final disposition of the writ of error.

MOTION for order requiring warden of Joliet penitentiary to return prisoners to custody of sheriff of Winnebago county.

R. K. WELSH, and FRANK M. RYAN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, NOAH C. BAINUM, and WILLIAM JOHNSON,. for the People.

Mr. JUSTICE DUNN announced the decision of the court:

The plaintiffs in error were convicted of murder in the circuit court of Winnebago county and sentenced to imprisonment in the penitentiary. They sued out a writ of error, which was made a *supersedeas,* but before this was done they were delivered into the custody of the warden of the penitentiary at Joliet, where they are now imprisoned under the sentence. They have entered a motion for an order requiring the warden of the penitentiary to return them. to the county jail of Winnebago county, to remain there during the pendency of the writ of error.

The object of a *supersedeas* is to stay proceedings on the judgment of the lower court, and that should be its effect. The execution of a sentence should be suspended up-

on the granting of a *supersedeas,* and if the defendant is in the penitentiary he should be returned by the warden to the sheriff of the proper county, to be held in the latter's custody until the final disposition of the writ of error.   Apparently the custom has been to the contrary, and the warden, following this custom, has retained the plaintiffs in error in his custody under the judgment of conviction.   No special order for their return to the sheriff of the county in which they were convicted is required, but under the circumstances of this case the motion will be allowed and an order will be made for the transfer of their custody to the sheriff of Winnebago county.

*Motion allowed.*